Proof of the dissolution of a partnership need not be in writing.

An authority to a partner to settle the affairs of the partnership, does not authorise him to endorse notes belonging to it.

*POIGNAND* vs. *LIVERMORE.*

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This is an action against the owner of a steam boat, for money advanced to the clerk to pay the wages of the crew, and to purchase necessaries for her. The general issue was pleaded : the court below gave judgment for the plaintiff, and the defendant appealed.

The petition set out two demands ; one of them has been abandoned : the other is evidenced by a note in the following words :—

*Louisville, Aug.* 25, 1821.

$300. Three days after date, I promise to pay to the order of Wm. F. Peterson & Co. three hundred dollars, for value received, on account of steam boat James Ross and owners. Signed,

GEO. F. BARTLETT.

The note is indorsed, " Pay to D. R. Poignand, or order. Israel Munroe, agent and assignee of the late firm of Wm. F. Peterson & Co."

The first objection made to the plaintiff's right of recovery is, that there is not proof the

note was indorsed to him by the payees.

One witness swears that by the public papers he has seen a dissolution of the firm of Wm. F. Peterson & Co. but does not recollect the date.

Another declares that the partnership was dissolved at Louisville, on the 2d October, 1823, and all the concerns of the firm were placed in the hands of Israel Munroe, to close the concerns of the firm.

A third states that the firm is dissolved, and that Munroe is the acting partner.

It is objected that the proof of the isdsolution and agency should be made by written, not by parol evidence.

This argument assumes that all partnerships are entered into in consequence of agreements reduced to writing, which we believe is not the fact, nor is it necessary to their validity. If entered into verbally, they may be dissolved in the same manner. No evidence has been adduced that the contract of this partnership was reduced to writing, or that it was dissolved in that way. The parol evidence was therefore properly admitted.

The same observations apply to the authority of the agent not being proved in writing.

EasternDis't
January,1847

POIGNAND
vs.
LIVERMORE.

But whether the authority which, the evidence shews, was given to the acting partner, enabled him to indorse bills or notes belonging to the firm, is a question equally important in settling the legal rights of the parties The pleadings and evidence shew that the note was indorsed after the dissolution of the firm by the acting partner, who was authorised to close its concerns, and that this indo sement was made in the state of Kentucky. The testimony also shews, that the assignment was made to cover a claim against the firm.

Whether we take the system of law which prevails in the country where this contract was entered into, or follow on our own as a guide, no authority has been shewn in the acting partner to indorse the note sued on; and consequently the plaintiff has not proved that the right of the payees is vested in him. By our law, a general power to settle the affairs of a partnership, would not authorise the partner to indorse notes which belonged to it. The mandate to indorse must, in the language of our code, be *express* and *special*. It is equally clear that at common law, an authority given to one partner to settle the affairs of a firm which is dissolved, does not empower him to indorse

bills or promissory notes, even though, as in the present case, they existed prior to the dissolution, and were transferred for the purpose of liquidating the partnership debts. *C. Code*, 29, 66. *Watson on Part.* 212. 1 *Henry Black*, 155, 3 *Esp.* 108. 4 *Johnson*, 224.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed. And that there be judgment for the defendant as in case of non-suit, with costs in both courts.

*Whittelsey* for the plaintiff—Defendant in person.